PER CURIAM.
Appellant challenges his sentences as a habitual offender for two counts of armed robbery with a firearm and one count of aggravated assault. His contention that the armed robberies as first degree felonies punishable by life are not subject to enhancement pursuant to the habitual offender statute is without merit. See Lock v. State, 582 So.2d 819 (Fla.2d DCA 1991).
As to the ten-year sentence on the aggravated assault, the written judgment does not indicate that the sentence was enhanced pursuant to section 775.084, Florida Statutes (1989). The plea and sentencing hearing transcript, however, shows that the court properly declared appellant a habitual offender without limiting its finding to any one of the three felonies for which appellant was being sentenced. The court then orally pronounced a ten-year sentence for the aggravated assault. We therefore remand for correction of the written sentence for the aggravated assault to reflect the oral pronouncement of sentence. The other sentences are affirmed.
SCHOONOVER, C.J., and SCHEB and ALTENBERND, JJ., concur.